Case 4:25-cv-05576   Document 9   Filed on 12/03/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CIVIL ACTION NO. 4:25-cv-5576 |
| MMA LAW FIRM, PLLC | § § § § § § | ADVERSARY PRO. NO. 24-3127 |

### ORDER

Pending before this Court is the need for further resolution of Appellant Morris Bart, LLC's ("Morris Bart") Emergency Motion for Stay Pending Appeal (Doc. No. 4). Appellee MMA Law Firm, PLLC ("MMA") did not file a written response, but the Court entertained significant oral argument on this issue during an in-person hearing on December 2, 2025. This is one of many pending civil actions in this Court relating to an adversary proceeding between Morris Bart and MMA in the Bankruptcy Court for the Southern District of Texas. This appeal challenges the Bankruptcy Court's order requiring Morris Bart to comply with certain discovery requests ("Discovery Order"). (Doc. No. 1-1). After reviewing Morris Bart's Motion and holding oral argument during the recent hearing, the Court partially lifts the stay on the Discovery Order but continues the stay for the discovery requests related to *Foskey* and other cases pending in the Eastern District of Louisiana.

During the hearing, it became clear that one of the central disputes between the parties relates to the allegation that Morris Bart may have violated the Bankruptcy Court's preliminary injunction and/or the automatic bankruptcy stay in the Eastern District of Louisiana. MMA alleges that Morris Bart had some sort of *ex parte* communication with Magistrate Judge Michael North in *Sherry Foskey, et al. v. American Modern Property and Casualty Insurance Company*, No. 23-

5316, in the Eastern District of Louisiana (the "*Foskey* case"). MMA requested discovery related to this allegation—specifically, for "[a]ll communications [and documents exchanged] between [Morris Bart] . . . and any Louisiana court, judge, or court staff relating or referencing MMA or Mr. Moseley." (Doc. No. 4-9 at 5). The Bankruptcy Court granted this request. (Doc. No. 1-1).

To the extent that this or any other related discovery request relates—in any way—to the *Foskey* case or any other case pending in the Eastern District of Louisiana, this Court **STAYS** those discovery requests in whatever form they are made. As discussed in this Court's Order in two separate civil actions,[1] the *Foskey* case implicates an issue of critical importance to the overall resolution of this litigation: whether MMA waived its right to any attorneys' fees or costs in every case pending in the Eastern District of Louisiana prior to filing for bankruptcy.

Nevertheless, there are other discovery issues that must be addressed to the extent they impact non-Eastern District cases. At the recent hearing, the parties discussed the relevance and potential privileges related to certain communications and documents with the Monson Law Firm. To the extent that the Bankruptcy Court ordered that Morris Bart has waived all privileges and objections to this discovery, that order is overruled. While this litigation is between two law firms, the prevalence of the attorney–client privilege pervades the discovery process. Many, if not all, responsive documents with high relevance to this fee dispute may involve the attorney–client privilege. Of course, that privilege belongs solely to the client. *U.S. v. Juarez*, 573 F.2d 267, 276 (5th Cir. 1978) (emphasizing the "bedrock principle that the attorney–client privilege is the client's

---

[1] This adversary proceeding in the Bankruptcy Court has resulted in several pending actions before this Court. In *Morris Bart, LLC v. MMA Law Firm, PLLC*, No. 4:25-CV-4917, and *In re MMA Law Firm, PLLC*, No. 4:25-CV-5013, Morris Bart challenges the Bankruptcy Court's Order scheduling a contempt hearing related to the alleged violation of the preliminary injunction in the *Foskey* case. The Court filed separate orders in those cases to stay the contempt hearing, and the Court incorporates those discussions of the *Foskey* case herein.

and his alone"). Neither MMA nor Morris Bart can, without consent of the client, waive that privilege by word or deed for the underlying clients. *Id.* The Court orders the parties to work jointly to draft and present to this Court an order that protects the underlying attorney–client privilege of all clients—past or present. They are to present it to the Court by **January 9, 2026.** If the parties cannot reach an agreement, they are to notify this Court, and it will enter an order to protect these clients. Morris Bart is ordered to produce the privilege log (along with any non-privileged, responsive Monson Law Firm documents) to MMA by **December 31, 2025.** This Court will permit Morris Bart to appropriately assert legal privileges in a detailed privilege log, but as the Court cautioned during the hearing, any such asserted privileges should be detailed and not frivolous.

With respect to those responsive documents, if any, relating to communications with the Federal Bureau of Investigation or the Louisiana Department of Insurance, those shall be filed in an *in camera* fashion for this Court to review, along with any specific objections and/or privilege claims that Morris Bart contends are applicable. Morris Bart is ordered to produce those documents, if any, to the Court by **December 31, 2025.**

By this Order, the Court hereby amends its previous Order (Doc. No. 8) as set forth above and grants-in-part Morris Bart's Emergency Motion for Stay.

It is so ordered.

Signed on this the 3rd day of December 2025.

Andrew S. Hanen
United States District Judge